IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

SHANE EUGENE CARSON                                                                       PLAINTIFF

v.                                           Civil No. 3:25-cv-03043-CDC

LIEUTENANT TABITHA MAZE                                                           DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. The case was directly assigned to the undersigned Magistrate Judge pursuant to General Order 2024-02, but not all parties to the action have consented to the jurisdiction of the undersigned. *See* 28 U.S.C. § 636(c). Accordingly, for the purpose of preservice review pursuant to 28 U.S.C. § 1915A(a), the case will automatically be reassigned to United States District Timothy L. Brooks and referred to the undersigned for a report and recommendation pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3). The case is before the Court on Plaintiff's failure to obey an order of the Court.

### I. DISCUSSION

Plaintiff is incarcerated in the Baxter County Detention Center, and is proceeding *pro se*. On July 15, 2025, the Court provisionally filed Plaintiff's Complaint (ECF No. 1) because Plaintiff failed to submit an *in forma pauperis* ("IFP") application, and because Plaintiff did not use the Court-approved form to submit his claim. *See* ECF No. 2, p. 1. The Court entered an Order that same day directing Plaintiff to file an amended complaint and to either submit a completed IFP application or pay the filing fee and administrative fee. *See id.* The Order imposed a deadline of August 5, 2025 for Plaintiff to perform these tasks, and warned that if Plaintiff failed to comply

then his complaint "shall be dismissed, without further notice, for failure to obey an order of the Court." *Id.*

To date, Plaintiff has not filed an amended complaint or IFP application, and has not sought an extension of time to comply with the Order. No mail has been returned as undeliverable. On August 6, 2025, this Court entered an Order giving Plaintiff 21 days to show cause why he failed to obey the prior Order, and warning that if he failed to respond by this deadline, "this case shall be subject to dismissal." *See* ECF No. 5. That deadline has passed, and Plaintiff has not filed any response nor sought any extension.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986)(emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

## II.  CONCLUSION

Accordingly, it is recommended that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b), based on Plaintiff's failure to prosecute this case, his failure to obey the orders of the Court, and his failure to comply with Local Rule 5.5(c)(2). Fed. R. Civ. P. 41(b).

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

    **DATED** this **9th day of September 2025**.

                             /s/ *Christy Comstock*
                             HON. CHRISTY COMSTOCK
                             UNITED STATES MAGISTRATE JUDGE